UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

INTEGRATED TECHNOLOGY SOLUTIONS, INC.,

                                          No. 11-08-13832 JA

Debtor.

## MEMORANDUM OPINION

This matter is before the Court on the Debtor's Objection to Allowance of the Claim of Outdoor Creations Unlimited (Claim No. 2) ("Objection to Claim"). The Court held a final hearing on the Objection to Claim on August 25, 2009 and took the matter under advisement. Claimant, Outdoor Creations Unlimited ("Outdoor Creations"), was represented by Jakob & Associates, P.C. The Debtor, Integrated Technology Solutions, Inc. ("ITS"), was represented by William F. Davis & Assoc., P.C. After consideration of the evidence presented and the arguments of counsel, the Court finds that Outdoor Creations is entitled to an allowed claim under 11 U.S.C. § 502(b), but that it failed to establish the full claim amount contained in its proof of claim. Consequently, the Court will sustain, in part, and overrule, in part, ITS's Objection to Claim.

BACKGROUND AND PROCEDURAL HISTORY

ITS is a computer consulting and engineering business that provides a range of computer services to its clients, including the purchase, installation, configuration, maintenance, and upgrade of computer hardware and software. ITS filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 10, 2008. Outdoor Creations filed a proof of claim in the amount of $198,464.56, based in part upon a pre-petition default judgment entered in state court determining that ITS was liable for breach of

contract, negligent representation, and unfair trade practices. *See* Claim No. 2, filed January 26, 2009.[1] Post-petition, Outdoor Creations obtained a default judgment for damages against ITS. *See* Default Judgment As to Damages on Plaintiff's Complaint for Breach of Contract, Negligence, Negligent Misrepresentation, and Unfair Trade Practices Act ("Damages Judgment") attached to Claim No. 2. Because the Damages Judgment was entered against ITS after the filing of ITS's voluntary petition under Chapter 11 of the Bankruptcy Code, it violated the automatic stay imposed by 11 U.S.C. § 362[2] and is void *ab initio*.[3]

ITS objected to the claim of Outdoor Creations on the following grounds: 1) that the pre-petition default judgment constituted an avoidable preferential transfer under 11 U.S.C. § 547; 2) that the Damages Judgment and consequent transcript of judgment violated the automatic stay; and 3) that the Damages Judgment constituted an avoidable post-petition transfer under 11 U.S.C. § 549.[4] At a preliminary hearing on the Objection to Claim, the

---

[1] The Court notes that Outdoor Creations did not attach to its proof of claim a copy of the default judgment on liability, nor did it introduce a copy of the pre-petition default judgment into evidence at the final hearing. The Objection to Claim acknowledges that a default judgment was entered pre-petition.

[2] That section provides, in relevant part:
> . . . a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of --
> > (1) the . . . continuation . . . of a judicial . . . proceeding against the debtor that was . . . commenced before the commencement of the case under this title . . .
>
> 11 U.S.C. § 362(a)(1).

[3] *Ellis v. Consolidated Deisel Elec. Corp.,* 894 F.2d 371, 372 (10th Cir. 1990)("It is well established that any action taken in violation of the stay is void and without effect.")(citing *Kalb v. Feuerstein,* 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 379 (1940)).

[4] Because the Court finds that the Damages Judgment is void because it violated the

-2-

Court determined that the only remaining issue to be determined at a final hearing was ITS's damages; consequently the Court set a final hearing on damages on August 25, 2009. At the final hearing, ITS continued to argue that any findings issued by the state court in the default judgment as to liability constituted an avoidable preferential transfer, and that such judgment is not binding on the Bankruptcy Court under collateral estoppel principles since ITS did not participate in the state court action.

For purposes of adjudicating the Objection to Claim, the Court overruled ITS's objection that the pre-petition default judgment constituted an avoidable preferential transfer under 11 U.S.C. § 547, without prejudice to ITS filing an adversary proceeding. An action to avoid a preferential transfer under 11 U.S.C. § 547 must be brought by adversary proceeding. *See* Rule 7001(1), Fed.R.Bankr.P. The Court observed that in any event it does not appear that a prepetition adjudication of a claim by default constitutes a transfer within the meaning of 11 U.S.C. § 547(b).

The Court overruled ITS's objection that the default judgment on liability is not binding on the Bankruptcy Court. The pre-petition default judgment determining liability constitutes an adjudication by a state court that binds the Bankruptcy Court under principles of *res judicata* and full faith and credit.[5]

---

automatic stay, the Court need not address ITS's argument that the post-petition entry of the Damages Judgment and issuance of a transcript of judgment constitute voidable post-petition transfers under 11 U.S.C. § 549.

[5]*See, e.g.,Tague & Beem, P.C. v. Tague ( In re Tague),* 137 B.R. 495, 502 (Bankr. D.Colo. 1991)("*Res judicata* enables the bankruptcy court to give full faith and credit to a prior state court judgment in assessing whether a 'claim' or 'debt' exists in a bankruptcy case.") (citing *generally Bolling v. City & County of Denver* 790 F.2d 67, 68 (10th Cir. 1986)). Because federal courts are bound under 27 U.S.C. § 1738 to give full faith and credit to a state court judgment, only lack of

Case 08-13832-j7    Doc 88    Filed 09/17/09    Entered 09/17/09 12:03:40 Page 3 of 14

FACTS

In August of 2006, Outdoor Creations hired ITS to provide it with a networked computer system. The purpose of the computer system was to network three related business entities: Lawnscapers Grounds Management; Outdoor Creations; and Enchantment Mower and Saw. These three separate business entities share the same management structure, and are owned by the same individual. ITS and Outdoor Creations expected that the computer system and network would be installed and operational by December of 2006. ITS also provided and installed a telephone system for Outdoor Creations. Neither the computer system nor the telephone system that ITS installed worked satisfactorily. Wendy Crismore, manager for Outdoor Creations, testified that the system ITS installed would crash and the network go down on a daily basis. As a result, inventory, cost control and accounting functions that were supposed to be automated under the new computer system had to be performed manually.

Outdoor Creations terminated its relationship with ITS and hired another computer consultant, Dimitri's IT Inc., to fix the system and make the network functional. The telephone system ITS installed was also unsatisfactory. Outdoor Creations hired The Telephone Man, Inc. to replace the telephone system.

Ron Reust, Jay McAdams, Arthur Reust, Peggy Carnes, Danelle Marianito performed manual inventory and accounting functions for the three related companies that would not have been needed if the new computer system ITS installed had worked

---

jurisdiction or fraud can serve as grounds to nullify a state court judgment. *Browning v. Navarro,* 887 F.2d 553, 563 (5th Cir. 1989), *rehearing denied* 894 F.2d 99 (5th Cir. 1990).

properly. Further, if the new system had worked properly, Ms. Marianito and Mr. McAdams would not have had a role in the company; Arthur Reust would likely have had a minor role assisting with inventory accounting; Ms. Carnes would have continued to work in accounting and inventory, but would not have had to manually input data relating to sales histories, inventory accounts, costs and controls; and Ron Reust would have worked in a different capacity.

ITS billed Outdoor Creations a total of $30,087.32 from August 2006 through January of 2007 for the services and goods it provided to Outdoor Creations. *See* Exhibit C. Of this amount, Outdoor Creations paid ITS $23,125.21. *Id.*

Dimitri's IT Inc. fixed the faulty system ITS had installed, and made the network functional. For this work, Dimitri's IT Inc. billed Outdoor Creations $35,967.31, including $280.00 for work described as "go over left over equipment/software purchased by ITS" performed more than six months after the bulk of the services Dimitri's IT Inc. rendered to fix the system. Dimitri's IT Inc. also billed ITS $2,030.00 for work that constituted litigation services.[6] *See* Exhibits E-1 through E-7.

Outdoor Creations introduced 2006 and 2007 employee earnings statements for Ron Reust, Jay McAdams, Arthur Reust, Peggy Carnes, and Danelle Marianito, s*ee* Exhibits A-

---

[6]*See* Exhibit E-7 which includes the following time entries:

| | | | |
|---|---|---|---|
| 6/24/2008 | Help create deposition questions for ITS | 8.0 | $560.00 |
| 6/4/2008 | Present deposition questions and come up with existing questions. Clarify and explain technical issues to Dustyn and Wendy | 11.0 | $770.00 |
| November-08 | Summarize ITS issues and prepare for hearing | 10.0 | $700.00 |

-5-

1 thru A–11, employees who performed manual inventory and accounting functions as a result of the non-functioning computer system. Although Ms. Crismore testified that the earnings statements cover only that portion of time that the employees performed data entry and inventory control services necessitated by the faulty computer system, the evidence does not support that testimony. Ms. Crismore testified that if ITS had performed as agreed, the computer system would have been functional by December 2006, after which there would have been no need for manual accounting. She also testified that the computer system as fixed by Dimitri's IT Inc. worked properly by May 2007.[7] Accordingly, any additional employee time for manual inventory and accounting would have been performed between sometime in December 2006 and the end of May 2007.

Enchantment Mower & Saw, Lawnscapers Grounds Management, and Outdoor Creations each used AR3 LLC dba Atlas Resources, Inc.("Atlas") as a third party payroll service. Atlas made payroll for those companies, and generated the employee earning statements admitted in evidence for Peggy Carnes, Danelle Marianito, Jay McAdams, Arthur Reust and Ron Reust. Those earnings statements are for each of the 2006 and 2007 calendar years. They reflect that for those periods Atlas' client for payroll to Jay McAdams and Arthur Reust was Outdoor Creations, Atlas' client for payroll to Ron Reust, Dannelle Marianito was Lawnscpaers Grounds Management, and Atlas' client for payroll to Peggy Carnes was Enchantment Mower & Saw for part of her wages and Lawnscapers Grounds Management for the remainder of her wages. *See* Exhibits A-1 through A-11.

---

[7] Outdoor Creations introduced Dmitri IT Inc. invoices indicating that it continued to perform work to fix ITS's faulty work through July 2007. See Exhibits E-4, E-5 and E-6.

-6-

The earnings statements do not reflect wages by pay-period, but simply show the total amount paid each employee over each one-year period. No evidence was presented that Outdoor Creations employed or paid any part of the compensation for Peggy Carnes, Dannelle Marianito or Ron Reust, had any obligation to reimburse Enchantment Mower & Saw or Lawnscapers Grounds Management for the amounts it paid those employees, or otherwise suffered any damage as a result of compensation those other entities paid.

Ms. Crismore testified that she spent approximately fifty percent of her time addressing the computer problems that arose as a result of the faulty services ITS provided Outdoor Creations. Although Ms. Crismore testified that she is a manager for Outdoor Creations, the documentary evidence reflecting her salary consists of a Find Report from the records of Lawnscapers Grounds Management. *See* Exhibit A - 12. That report reflects that she received a salary of $75,601.00 for the period from January 2006 through December 2007. No evidence was presented that Outdoor Creations paid any part of Wendy Crismore's compensation, had any obligation to reimburse Lawnscapers Grounds Management for any amounts it paid to Ms. Crismore, or otherwise suffered any damages as a result of any compensation Lawnscapers Grounds Management paid to Ms. Crismore.

Outdoor Creations paid $3,197.70 for the telephones and The Telephone Man, Inc.'s telephone installation services. Outdoor Creations was unable to realize any value from the telephones ITS provided.

DISCUSSION

Allowance of claims is governed by 11 U.S.C. § 502. Pursuant to 11 U.S.C. §

-7-

Case 08-13832-j7    Doc 88    Filed 09/17/09    Entered 09/17/09 12:03:40 Page 7 of 14

502(a), a creditor's proof of claim filed in accordance with 11 U.S.C. § 501 is deemed allowed unless a party objects. 11 U.S.C. § 502(a).[8] Once an objection is made, the Court determines the amount of the creditor's claim as of the date of the petition. 11 U.S.C. § 502(b).[9] Although a proof of claim filed in accordance with Rule 3001, Fed.R.Bankr.P. constitutes *prima facie* evidence of the validity and the amount of the claim[10], once the objecting party provides sufficient probative evidence in support of its objection, "the creditor [claimant] has the ultimate burden of persuasion as to the validity and amount of the claim."[11] In this case, Outdoor Creations attached a copy of the post-petition Damages Judgment to its proof of claim. ITS objected to the claim by asserting that the Damages Judgment, entered post-petition in violation of the automatic stay, is void. Even though the

---

[8]That section provides:
> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
11 U.S.C. § 502(a).

[9]That section provides, in relevant part:
> Except as provided in subsections (e)(2), (f), (g), (h), and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]
11 U.S.C. § 502(b)(1).

[10]*See* Rule 3001(f), Fed.R.Bankr.P. ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.").

[11]*Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.),* 295 B.R. 140, 145 (10th Cir. BAP 2003)(citing *Agricredit Corp. v. Harrison (In re Harrison),* 987 F.2d 677, 680 (10th Cir. 1993)).

validity of the claim (i.e., ITS's liability) has been established, Outdoor Creations bears the burden of proving the amount of its claim (i.e., the amount of damages suffered as a result of ITS's unsatisfactory computer services).

Damages Calculation:

Outdoor Creations' state court action was premised upon breach of contract, wrongful misrepresentation and violation of the New Mexico Unfair Trade Practices Act, but it did not specify the cause of action upon which it based its claim for damages at the final hearing on the Objection to Claim. "Whether recovery is premised on tort or contract theories, the objective of the damage award is the same: full compensation for the injured party." *Hubbard v. Albuquerque Truck Center, Ltd.,* 125 N.M. 153, 158, 958 P.2d 111, 116 (Ct. App. 1998). In this case, to calculate Outdoor Creations' allowed claim, the Court will apply general principles for determining damages based on breach of contract.[12]

"In an action for breach of contract the party who fails to perform the agreement is justly responsible for all damages flowing naturally from the breach." *Camino Real Mobile Home Park P'ship v. Wolfe,* 119 N.M. 436, 443, 891 P.2d 1190, 1197 (1995) (citing *Schaeffer v. Kelton,* 95 N.M. 182, 187, 619 P.2d 1226, 1231 (1980)). Damages sustained by the non-breaching party to a contract are

> based on his expectation interest as measured by
>    (a) the loss in the value to him of the other party's performance caused by

---

[12] Although Outdoor Creations did not introduce in evidence the contract between Outdoor Creations and ITS, the testimony focused on damages Outdoor Creations suffered as a result of ITS not having installed the computer system as agreed. Further, from the evidence presented, the Court cannot determine what duty on the part of ITS, if any, arose in tort. Outdoor Creations made no argument in support of a claim of violation of the New Mexico Unfair Trade Practices Act.

-9-

      its failure or deficiency, plus

   (b) any other loss, including incidental or consequential loss, caused by
     the breach, less

   (c) any cost or other loss that he has avoided by not having to perform.

*Restatement (Second) of Contracts* § 347(a) (1981).[13]

  Outdoor Creations paid Dimitri's IT Inc. a total of $35,967.31. Of this amount, $2,030.00 is more properly characterized as "litigation services." Outdoor Creations presented no evidence that its contract with ITS provided for recovery of litigation costs. The evidence is unclear whether $280.00 charged well after Dimitri's IT Inc. completed all or substantially all of the work to fix the ITS installed system was for work to correct what ITS had done. These amounts are not properly included in the allowed claim. The Court finds that $33,657.31 of the $35,967.31 that Outdoor Creations paid Dimitri's IT Inc. is attributable to services Dimitri's IT Inc. performed to fix the computer system installed by ITS.

  To calculate Outdoor Creations' damages resulting from its payment to Dimitri's IT

---

[13]*See also Restatement (Second) Contracts* § 347 comment a. (1981) (explaining that "[c]ontract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of his bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed.") New Mexico has generally adopted the principles set forth in *Restatement (Second).  See*, *e.g., Torrance County Mental Health Program, Inc. v. New Mexico Health and Environment Dept.* 113 N.M. 593, 601-602, 830 P.2d 145, 153-154 (1992)(relying on *Restatement (Second) of Contracts* §347(a) & (c) (1981) for the general rule that damages for breach of contract are measured by "the loss in value of the performance promised by the breaching party, less any cost or other loss that the nonbreaching party has avoided by not having to perform." and relying on *Reestatement (Second) of Contracts* § 347(b) and comment c for the proposition that the non-breaching party may also be entitled to recover consequential damages in certain circumstances). *See also, Servants of Paraclete, Inc. v. Great American Ins. Co.* 866 F.Supp. 1560, 1578 (D.N.M. 1994)(stating that "New Mexico contract law on damages is generally in accord with basic Restatement principles.") (citing *Restatement (Second) of Contracts* §§ 347, 351, 352 (1981)).
.

*Inc.*, the amount it paid to Dimitri's IT Inc. must be reduced by the unpaid balance of $6,962.11 that Outdoor Creations would have paid ITS had ITS performed as agreed. That amount represents a cost Outdoor Creations avoided by not having to pay ITS the entire contract price. Based on the foregoing, the Court concludes that the amount of Outdoor Creations' damages claim attributable to the services performed by Dimitri's IT Inc.'s to fix the ITS installed computer system is $26,695.20.

Outdoor Creations also seeks consequential damages for wages it paid to employees to perform manual inventory and accounting services it would not have otherwise incurred had the system installed by ITS functioned properly, and wages to Ms. Crismore for the time she spent dealing with ITS's faulty work. Based on Ms. Crismore's testimony that Outdoor Creations and ITS anticipated that the system would be functional by December of 2006, and that it in fact did function satisfactorily in May of 2007 after Dimitri's IT Inc. fixed the system, any additional wages for manual inventory and accounting services or to deal with faulty work by ITS would have been incurred between December of 2006 and May of 2007. Outdoor Creations is entitled to consequential damages attributable to wages it paid for manual inventory and accounting services or to deal with faulty work by ITS incurred during that period.

The earnings statements offered in support of Outdoor Creations' claim for consequential damages reflect that Outdoor Creation paid Arthur Reust and Jay McAdams. It appears from the Atlas earnings statements that Enchantment Mower & Saw and/or Lawnscapers Grounds Management, not Outdoor Creations, paid Peggy Carnes, Danelle Marianito, and Ron Reust. The Find Report for Ms. Crismore shows that her salary was

-11-

booked to Lawnscapers Grounds Management, not to Outdoor Creations. Outdoor Creations, as claimant, has the ultimate burden of proof. Based on the evidence presented, the Court cannot find that Outdoor Creations paid any part of the compensation paid to Peggy Carnes, Wendy Crismore, Danelle Marianito, or Ron Reust for extra works necessitated by ITS's faulty services. Because Outdoor Creations, not Lawnscapers Grounds Management or Enchantment Mower & Saw, is the claimant, none of the wages paid by Lawnscapers Grounds Management or Enchantment Mower & Saw are appropriately included in Outdoor Creations' damages claim unless Outdoor Creations suffered economic loss as a result of payments by those other entities.

There was no evidence presented to the Court of an obligation on the part of Outdoor Creations to reimburse Lawnscapers Grounds Management or Enchantment Mower & Saw for the additional costs those entities incurred as a result of ITS's breaches of contract. Nor was any evidence presented that Outdoor Creations suffered any other loss or economic harm as a result of the additional compensation paid by Lawnscapers Grounds Management and Enchantment Mower & Saw. Based on the foregoing, the Court will not allow as damages the amounts Lawnscapers Grounds Management and/or Enchantment Mower & Saw apparently paid to Peggy Carnes, Wendy Crismore, Danelle Marianito, and Ron Reust. The Court will allow pro-rated wages for Arthur Reust and Jay McAdams (the two employees compensated by Outdoor Creations) for the period from January 1, 2006, when the computer system ITS installed should have been functional, through the end May of 2007 when the system actually was functional.[14]

---

[14] Pro-rated wages for Aurthur Reust for that period are $4,219.50:

Case 08-13832-j7    Doc 88    Filed 09/17/09    Entered 09/17/09 12:03:40 Page 12 of 14

Finally, Outdoor Creations seeks to recover as part of its damages the amount it paid to The Telephone Man, Inc. Ms. Crismore testified that the telephone system that ITS installed was outdated, and that Outdoor Creations was billed by and paid the Telephone Man, Inc. $3,197.70 to replace the telephone system. She further testified that Outdoor Creations was not able to realize anything from the old telephone equipment. The Court, therefore, finds that the $3,197.70 that Outdoor Creations incurred to replace the telephone system should be included in Outdoor Creations' allowed claim.

In sum, the evidence before the Court establishes that Outdoor Creations is entitled to an allowed claim comprised of the following:

| | |
|---|---|
| Payment to The Telephone Man, Inc.: | $ 3,197.70 |
| Payment to Dimitri's IT, Inc. | 33,657.31 |
| Pro-rated wages for manual accounting and inventory inventory services performed by employees of Outdoor Creations | 7,560.45 |

*Less*

| | |
|---|---|
| Unpaid balance of ITS's invoice: | $6,962.11 |
| **TOTAL:** | **$37,453.35** |

The findings of fact and conclusions of law contained in this Memorandum Opinion are entered in accordance with Federal Rules of Bankruptcy Procedure 7052 and 9014.

---

$10,126.80 (total wages plus payroll taxes for 2007) ÷ 12 months = $843.90 X 5 months = $4,219.50.

Pro-rated wages for Jay McAdams for that period are $3,340.95:
$8,018.30 (total wages plus payroll taxes for 2007) ÷ 12 months = $668.19 X 5 months = $3,340.95.

-13-

The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: September 17, 2009

COPY TO:

William F. Davis
William F. Davis & Assoc., P.C.
Attorney for Debtor
6709 Academy NE, Suite A
Albuquerque, NM 87109

Steven M Jakob
Jakob & Associates, P.C.
Attorney for Outdoor Creations Unlimited
P.O. Box 93700
Albuquerque, NM 87199-3700